UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

William Sharp,

                        Plaintiff,

                                  **Hon. Hugh B. Scott**

                                  08CV599A

                v.

                                  **Order
and
Report & Recommendation**

Richard J. McKeon, Jr. and
The City of Buffalo,.

                        Defendants.
_____

Before the Court is the plaintiff's motion to remand this matter back to the state court (Docket No. 9).

**Background**

The plaintiff, William Sharp ("Sharp") commenced this action in New York State court. In the state court complaint, Sharp alleges that defendant Richard J. McKeon, Jr., a Buffalo State College University Police Officer, falsely arrested him on September 1, 2006. (Docket No. 1, State Court Complaint at ¶ 10). McKeon requested Sharp to provide his license; Sharp complied. McKeon apparently checked the computer and determined that a warrant for Sharp was outstanding. McKeon allegedly returned to Sharp's car, asked Sharp to get out of the vehicle and handcuffed him. According to Sharp, McKeon asked him who he "raped" and made several

1

racial remarks as he placed Sharp in the back seat of the police cruiser. Sharp advised McKeon that there must be a mistake, and that there was no warrant for him. Sharp provided McKeon with his Social Security number. Upon checking further, McKeon determined that Sharp was not the individual wanted on the rape charge but that there was an outstanding warrant for Sharp relating to the failure to pay a fine. Sharp alleges that he advised McKeon that he had paid the fine and had a document (in the car) which would prove it. According to Sharp, McKeon disregarded this information and proceeded with Sharp's arrest. Sharp was taken to the "court holding center." (Docket No. 1, State Court Complaint at ¶¶12-21). After spending approximately 12 hours in custody, Sharp was released without ever having been brought before a judge. (Docket No. 1, State Court Complaint at ¶¶22-23).

The state court complaint asserts six claims against McKeon, including racially motivated false arrest (Docket No. 1, State Court Complaint, Count 1 at ¶¶8-23); violation of his Rights under "the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution" (Docket No. 1, State Court Complaint, Count 2 at ¶24)[1]; violation of his rights under Article I, Section 12 of the New York State Constitution, New York State Civil Rights Law §8 and 42 U.S.C. §1981 (Docket No. 1, State Court Complaint, Count 3 at ¶27); violation of "Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution based upon violations of Article I, Section 12 of the New York State Constitution, thereby violating 42 U.S.C. Section 1981" (Docket No. 1, State Court Complaint, Count 4 at ¶29); violation of plaintiff's "rights under Article I, Section 11 of the New York State

---

[1] The captions of the second through sixth causes of action all refer to "Racially Motivated Violation of the Equal Protection Clause of the Fourteenth Amendment."

Constitution and New York Civil Rights Law Section 40-c, thereby violating 42 U.S.C. §1981" (Docket No. 1, State Court Complaint, Count 5 at ¶31); and violation of plaintiff's "rights under New York State Civil Rights Law Section 40-c based upon harassment and discrimination as defined in Penal Law Section 240.25" (Docket No. 1, State Court Complaint, Count 6 at ¶33). In addition, Sharp asserts a single claim against the City of Buffalo alleging that the City was negligent in failing to withdraw the warrant and in failing to communicate the cancellation of the warrant to police agencies. (Docket No. 1, State Court Complaint, at ¶35).

The defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 inasmuch as the claims against McKeon all appear to be based, at least in part, upon either the Fourteenth Amendment to the United States Constitution or 42 U.S.C. §1981.

**Discussion**

The plaintiff seeks to remand this action back to state court claiming that it was and continues to be plaintiff's "intention to allege causes of action for unconstitutional false arrest and seizure under the New York State Constitution, the Bill of Rights in State Constitution, New York State's tort common law for false arrest and imprisonment." (Docket No. 9 at ¶ 5). In this regard, the plaintiff attaches a Proposed Amended Complaint which removes all references to the United States Constitution and 42 U.S.C. §1981. (Docket No. 9, Exhibit A). [2] The defendant

---

[2] As "a second basis" for remand, the plaintiff submits that defendant McKeon did not have written consent from the City of Buffalo at the time of removal, and therefore remand is required. (Docket No. 9 at ¶ 7). Counsel for McKeon states that he was not aware that the City had been served at the time of removal, and thus, written consent was not required from the City. (Docket No. 12 at ¶ 11). Because remand is appropriate based upon the plaintiff's expressed withdrawal of any and all federal claims, the Court need not address the consent argument.

does not oppose the amendment of the complaint or the withdrawal of the federal causes of action. (Docket No. 12 at ¶ 17). The defendant asserts that the amendment of the complaint as proposed would moot the instant motion for remand inasmuch as all federal claims would be eliminated. (Docket No. 13 at page 2).

The plaintiff is the master of his Complaint, and he "could have assured [himself] a state forum by bringing only claims arising under state law." Hickerson v. City of New York, 932 F.Supp. 550, 556 (S.D.N.Y.1996); Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 758 (2d Cir.1986)("[W]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal."). Here, the plaintiff's counsel has expressly stated that there was no intention of asserting federal constitutional claims in this case and now seeks to amend the complaint to eliminate all federal claims. The Court construes this language as a withdrawal and abandonment of the claims in the original state court to the extent they were based upon the United States Constitution or 42 U.S.C. §1981. The plaintiff is bound by this representation from counsel. See Vasura v. Acands, 84 F.Supp.2d 531 (S.D.N.Y. 2000)("[I]it should be noted that plaintiff is considered the master of her complaint, even when it comes to considerations of whether a case must be remanded for lack of jurisdiction. Citing *Moore's Federal Practice* § 107.14[3][b][ii], at 107.86-86.1 (3d ed. 1999)["The plaintiff may dismiss the federal claims on removal and then move to remand."]).

To the extent that the instant motion includes a motion to amend the complaint, the motion is granted. The plaintiff is directed to file the amended complaint within 10 days of the date of this Order.

4

Based upon the filing of the amended complaint and the plaintiff's expressed elimination of all federal claims, it is recommended that the motion to remand be granted.[3] It is further recommended that the plaintiff's request for attorneys fees, costs and expenses be denied inasmuch as an objectively reasonable basis for jurisdiction under §1331 and § 1441 existed at the time of removal.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir.

---

[3] The withdrawal of the federal claims does not *require* that the case be remanded to the state court. The Court has discretion to remand the pendent state claims or to retain jurisdiction over them. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988); In light of the fact that no federal questions remain in the case, this matter is remanded back to the state court. Castellano v. Board of Trustees of the Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir.1991), *cert. denied*, 502 U.S. 941 (1991) (explaining that the factors of judicial economy, convenience, fairness and comity tilt towards remand when a federal court dismisses federal claims before trial).

1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 11, 2009